```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-80633-CIV-RYSKAMP
                              MAGISTRATE JUDGE P. A. WHITE

MANUEL MIGUEL,                :

     Plaintiff,               :

v.                            :         REPORT OF
                                      MAGISTRATE JUDGE
SANDRA GIBSON, ET AL.,        :

     Defendants.              :
_____
```

I. <u>Introduction</u>

The plaintiff Manuel Miguel, presently confined at the Martin Correctional Institution, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding <u>in forma pauperis</u>.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>   the court shall dismiss the case at any time
>   if the court determines that –
>
>   \* \* \*
>
>   (B) the action or appeal –
>
>   \* \* \*
>
>   (i)   is frivolous or malicious;
>
>   (ii) fails to state a claim on which
>   relief may be granted; or
>
>   (iii) seeks monetary relief from a
>   defendant who is immune from such
>   relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

Constitution or laws of the United States.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  <u>Davis v. Monroe County Bd. Of Educ.</u> , 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).

The plaintiff seeks to sue Sandra Gibson, a forensic scientist who testified at his criminal trial in 2001.  The plaintiff alleges

3

that Gibson falsified evidence, in that she testified that she examined DNA evidence but he has discovered that no DNA tests were conducted. He alleges that Gibson "presented falsified evidence of a legal search and seizure of DNA samples from the evidence seized in the case, causing his search and seizure of his person to be violative of the 4th Amendment, as being without probable cause." He claims that due to the falsified evidence he was falsely imprisoned and maliciously prosecuted. He seeks monetary damages.

The plaintiff's claims call into question the legality or constitutionality of his criminal conviction, and are barred by Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Pursuant to Heck, if a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. at 486-487.

The Court notes that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful §1983 action for alleged Fourth Amendment violations does not necessarily imply the invalidity of a conviction. As a result, Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11 Cir. 2003) (citations and quotations omitted). Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a §1983 action, even if successful, might not necessarily imply that the plaintiff's conviction was unlawful. See Wallace v. Smith, 145 Fed.Appx. 300, 301-302 (11 Cir. 2005). Courts must look both to the claims raised under §1983 and to the specific offenses for

4

which the §1983 claimant was convicted.  Vickers v. Donahue, 137 Fed. Appx. 285 (11 Cir. 2005).

In this case, the plaintiff's allegations that the forensic scientist engaged in an illegal search and seizure, falsified evidence and engaged in malicious prosecution are precisely the type of claims that are barred under Heck, as the factual basis for the plaintiff's constitutional claim would inevitably undermine any conviction.  Accordingly, the plaintiff's claims do not qualify for the Heck exception for Fourth Amendment claims.  Because the plaintiff's detention has not been remedied by any of the procedures listed in Heck, his claims are premature and thus not cognizable under §1983 at this time.

### III.  Conclusion

Based on the foregoing, it is recommended that this Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 9th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Manuel Miguel, Pro Se
      No. W16364
      Martin Correctional Institution
      1150 SW Allapattah Road
      Indiantown, FL 34956-5397
```